No. 1033

CLARK v. GLASS COATING CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6301. Decided May 24, 1926

465. ERROR—Where a corporation claims money due upon a stock subscription and the subscriber claims an accord and satisfaction for same, and from the pleadings the facts seem to uphold the subscriber, it is error for the trial court to direct a verdict for the corporation.

23. PLEADINGS—Where one alleges in a petition $3000 to be due on stock subscription of 5.000 and defendant alleges non-compliance in reasonable time as a defense, and further in a cross-petition asks for return of $2000 paid upon a new transaction because company refused to deliver stock and further that the second transaction was an accord and satisfaction this is sufficient evidence of facts warranting the determination thereof by a jury.

SULLIVAN, J.

The Glass Coating Co. in the Cuyahoga Common Pleas filed its petition setting forth that it entered into a valid conditional sale of stock with Sherman S. Clark for $5000 and that there was due on same a balance of $3000. Clark in his answer admitted having subscribed for the stock but denied any liability on the same because the terms of the subscription had not been complied with, an unreasonable length of time having elapsed; and before the subscription had been accepted it had been withdrawn. He further set forth that after a bona fide negotiation between the parties as to the points in dispute, the original subscription was cancelled and a new one entered into in the sum of $2000 and it was urged by him that this was an accord and satisfaction of the initial subscription.

In a cross petition, Clark sought to recover the $2000 because of the failure and refusal of the Company to deliver the share sof stock purchased under the second subscription contract.

At the conclusion of the testimony, and upon proper motion, the trial court directed a verdict for the Company on Clark's cross petition and directed the jury to return a verdict of $3867.50, in favor of the Company.

Error was prosecuted to the Court of Appeals, which held:

1. The evidence in the record tends to prove Clark's claim that the first subscription was cancelled and a second one entered into.

2. If, upon the theory of the Company, these two transactions were unrelated, there would be due from Clark $7000 instead of $3000; and the suit by the company for $3000 would be in accordance with the claim of Clark, to wit:—that the new deal cancelled the old.

3. Regardless of any other question the controversy raised a question of fact which under proper instructions of the court was within the province of the jury to determine, and the trial court was in error when it arrested the case from the jury.

4. There is sufficient question of fact in this case for the jury to determine, the trial court committed prejudicial error in directing a verdict.

Judgment reversed and cause remanded.

(Levine, PJ., and Vickery, J., concur.)

Attorneys—Dustin, McKeehan, Merrick, Arter & Stewart for Clark; Davis, Young & Vrooman for Company; all of Cleveland.